**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re    Case No: 4:16-bk-03774
Christina M Bendas

**MOTION OF DEBTOR TO REQUIRE WAGE ATTACHMENT**

Christina M Bendas ("Debtor"), by Debtor's attorney, Robert Spielman, states the following:

1. On September 13, 2016 ("Filing Date"), the Debtor filed a petition for relief under Chapter 13, Title 11, United States Code (the "Code").

2. The Debtor receives regular income from Line Mountain School District ("Employer") (Employee ID No. 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).

3. The Debtor desires that the income from the Employer be attached, in order to fund the payments required by the Debtor' Chapter 13 plan (the "Plan").

4. Under these circumstances, the attachment of the income of Debtor from the Employer is authorized by Section 1326 of the Code.

5. Attachment of the income from the Employer will enhance the likelihood that the Debtor will successfully complete the Plan payment obligations.

6. The Debtor desires that the Employer be directed to remit each month to the Chapter 13 Trustee the amount of $314, which is the amount of the Debtor's monthly plan payment, and that the Employer be required to write Case No 4:16-bk-03774 on each remittance to the Trustee.

7. Debtor further desires that the Employer be directed to change the amount of the monthly remittance to the Trustee in the future, if the Employer is directed to do so in writing, either by the Trustee or by Debtor's counsel.

8. Debtor further desires that the monthly wage attachment continue until the Employer is directed in writing to discontinue the attachment, either by the Trustee or by the Debtor's counsel.

9. Debtor further desires that the amount of the monthly attachment be deducted, in equal amounts, from each of the checks issued each month by the Employer.

10. Implementation of the wage attachment described in this motion is in the best interests of the Debtor and the Debtor's creditors.

**WHEREFORE**, the Debtor requests that the Court direct a wage attachment from X4 in the manner requested in this motion, and that the Court grant such other relief as is just.

**LAW OFFICES OF ROBERT SPIELMAN, P.C.**


    /s/  ROBERT SPIELMAN
Robert Spielman
29 E. Main St
Bloomsburg PA 17815-1804
PA ID No 21489
570-380-1072
FAX 570-784-3429
E-mail bobspielman@yahoo.com
Attorney for Debtor

Dated:  March 20, 2017
Bloomsburg, Pennsylvania

**CERTIFICATION OF SERVICE**

       I, Robert Spielman, of 29 East Main Street, Suite D, Bloomsburg, PA 17815-1804 certify: that I am, and at all times hereinafter mentioned was, more that 18 years of age; that on the date set forth below, I served a copy of the annexed **MOTION OF DEBTOR TO REQUIRE WAGE ATTACHMENT** on:

Charles J DeHart III Esquire
8125 Adams Dr
Hummelstown  PA  17036

Line Mountain School District
Patty Troutman
185 Line Mountain Road
Herndon, PA 17830

by first class mail, postage pre-paid, addressed as set forth above. I certify under penalty of perjury that the foregoing is true and correct.

**LAW OFFICES OF ROBERT SPIELMAN, P.C.**


    **/s/  ROBERT SPIELMAN**
Robert Spielman
29 E. Main St
Bloomsburg PA 17815-1804
PA ID No 21489
570-380-1072
FAX 570-784-3429
E-mail bobspielman@yahoo.com
Attorney for Debtor

Dated:  March 20, 2017
Bloomsburg, Pennsylvania

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re  Case No 4:16-bk-03774
Christina M Bendas

ORDER DIRECTING WAGE ATTACHMENT

Upon consideration of the MOTION OF DEBTOR TO REQUIRE WAGE ATTACHMENT (the "Motion"), the Motion is granted, and Line Mountain School District (the "Employer") is directed as follows: a) to remit each month to the Chapter 13 Trustee the amount of $314, from sums otherwise due to be paid to the Debtor; b) to write 4:16-bk-03774 on each check remitted to the Trustee in accordance with this Order, and to mail the checks to the Trustee by first class mail, addressed as follows: Charles DeHart, III, Box 7005, Lancaster, PA 17604; c) to change the amount of the monthly remittance to the Trustee in the future, if the Employer is directed to do so in writing, either by the Trustee or by Debtor's counsel; d) to continue the monthly wage attachment until the Employer is directed in writing to discontinue the attachment, either by the Trustee or by the Debtor's counsel; e) to deduct the amount of the monthly attachment, in equal amounts, from each of the checks issued each month to the Debtor by the Employer; and (f) to pay the Debtor the amounts remaining after the deduction of the amount that is attached in accordance with this order, less such other amounts as may be required by law to be withheld from the Debtor.